McClay v. Hanna.

Carr & Sons for the future. The meaning of this declaration, I understand to be (at least, it is a reasonable interpretation), that Carr & Sons themselves should be answerable to Keppele & Zantzinger, for the principal, interest and damages, even if Swanwick should become insolvent. Under the view of the case, I concur with my brother Shippen, in all his remarks which he has delivered to the jury.

Verdict for Keppele & Zantzinger in both actions.

*Ingersoll* and *Brinton,* for Keppele & Zantzinger. *Dallas,* for Carr & Sons.

---

*160]         *MARCH TERM, 1799.

---

## McClay *v.* Hanna *et al.*

### Appeal.

An appeal from an orphans' court dismissed, because it did not appear that a definitive decree had been pronounced.

When and how an executor shall be charged with property conveyed to him on a secret trust, *quære?*

THIS was an appeal from the Orphans' Court of Dauphin county, under the following circumstances : John Harris, by his will, dated the 25th of May 1790, proved 2d of August 1791, bequeathed all his personal estate to his sons, David, Robert and James, and his daughters, Mary McClay and Mary Hanna, to be equally divided between them. He also ordered his executors to sell all his lands, not otherwise disposed of by his will, and divide the proceeds as aforesaid. He directed his executors to settle their accounts in the orphans' court, in one year after his decease, and continue to settle an account annually, until the estate was finally settled.

In January 1795, a citation was issued at the request of William McClay, one of the executors of John Harris, against David Harris, Robert Harris, John Andrew Hanna, Joseph Work and John McClay, the other executors, to appear at the next orphans' court for Dauphin county, to make a full disclosure of all effects and estate of the deceased which had come to their hands, possession or knowledge, and settle and abide the order and judgment of the court in the premises. The cause came to a hearing in the orphans' court, in September 1795 ; when a motion was made by McClay's counsel, that Robert Harris and John A. Hanna should answer on oath, to a charge of having received money for the sale of sundry lots, which had been conveyed to them by the testator, by absolute deed, on a secret trust to be accountable for the proceeds of the sales ; and that they should bring the said proceeds into their administration account, and charge themselves therewith. The Court determined:—1st. That the said Harris and Hanna, should not be obliged to answer on their oath to the said charge: and 2d. That the *161] plaintiff should *not be allowed to produce evidence, to substantiate the truth of his charge against the said John A. Hanna ; but that the account of the said Harris and Hanna, as then exhibited to the court, should be received and passed. The plaintiff appealed from this judgment ; and the cause came up on the appeal.

Ewalt v. Highlands.

After argument, by *W. Tilghman* and *Dallas*, for the appellant ; and by *Ingersoll*, for the appellees, THE COURT dismissed the appeal, because it did not appear, that the orphans' court had pronounced a definitive decree.

---

## EWALT'S Lessee *v.* HIGHLANDS. (*a*)

### *Settlement.*

**Personal** residence must accompany every settlement, on which a survey can be regularly made, unless such danger exists, as would prevent a man of reasonable firmness from remaining on the land ; and even then, the *animus residendi* must appear : deadening an acre or two of timber, planting a few peach-stones, apple-seeds and potatoes, can never be circumstances amounting to a settlement, though a cabin should also be put up, if the party resides at a distance, and no tenant actually occupies the land. (*b*)

EJECTMENT for 400 acres of land at Gerty's Run, across the Allegheny, the plaintiff claiming under settlement and survey. From the evidence, it appeared, that on the 30th of April 1792, the lessor of the plaintiff passed the Allegheny, with two hands, to make an improvement ; that they deadened about one acre of wood, returned, and about two weeks afterwards, went over again, and deadened a little more wood ; that a cabin was erected, with a clap-board roof, eight feet square, and logs cut out for a door ; that a few peach-stones, apple-seeds and potatoes were planted ; but no other improvements were made ; and neither the lessor of the plaintiff, nor any tenant for him, resided on the land. On the 9th of April 1794, a survey was made by Jonathan Leet, the deputy-surveyor of the district, under this settlement. On the 10th of Feruary 1796, Ewalt leased the land to P. Smith, who went over the Allegheny, kindled a fire in the cabin, stayed there an hour, and then removed ; but Ewalt and his family constantly resided on the east side of the river ; while, on the other hand, the defendant and his family lived for three years on the premises.

I. When Leet's survey was offered in evidence, the defendant's counsel objected ; but it was admitted by THE COURT, upon the ground, " that in cases of title, under settlement and improvement of lands, north and west of the rivers Ohio and Allegheny and Conewango creek, the deputy-surveyor must, in the first instance, judge of the right ; though subject to the opinion of the court and jury."

II. In delivering the charge, the following sentiments were expressed.

BY THE COURT.—It is now the province and the duty of the court and jury to decide, whether the survey in question was properly made, under the act of the 3d of April 1792. (3 Dall. Laws, 209.) The act itself has laid down no general rule *ascertaining what kind and extent of settlement and improvement will warrant a survey ; nor is it the intention [*162

---

(*a*) Tried at Pittsburgh, May 1799, before YEATES and SMITH, Justices.

(*b*) The following cases are among the earliest and most interesting on this subject : Commonwealth *v.* Coxe, *post*, p. 170 ; Morris's Lessee *v.* Neighman, *post*, p. 209 ; s. c. 2 Yeates, 450 ; McLaughlin's Lessee *v.* Dawson, *post*, p. 221 ; s. c. 3 Yeates, 61 ; Balfour's Lessee *v.* Meade, *post*, p. 363 ; s. c. 1 W. C. C. 18 ; Huidekoper's Lessee *v.* Douglass, *post*, p. 392 ; s. c. 3 Cr. 1, and 1 W. C. C. 258 ; s. p. Lessee of Huidekoper *v.* Burrus, Id. 109 ; Huidekoper *v.* McClean, Id. 156.